J-S80044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD A. DANIELS, | : | |
| | : | |
| Appellant | : | No. 2217 EDA 2017 |

Appeal from the PCRA Order June 22, 2017
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0000681-2006

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED FEBRUARY 26, 2018**

Edward A. Daniels ("Daniels") appeals, *pro se*, from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On May 17, 2006, Daniels pled guilty to numerous offenses arising from the gunpoint robbery and gang rape of a female victim. The trial court sentenced Daniels to an aggregate term of 20 to 40 years in prison. Daniels did not file a direct appeal.

On April 6, 2017, Daniels filed the instant *pro se* Petition, his third,[1] arguing that the trial court committed "extraordinary circumstances" by

---

[1] Although Daniels styled his Petition as an "Amendment to Already Filed P.C.R.A.," Daniels's prior Petitions had already been denied and dismissed. Therefore, the PCRA court properly considered Daniels's filing as a third Petition.

failing to conduct a guilty plea colloquy. The Commonwealth filed an Answer. The PCRA court subsequently issued Notice of its intention to dismiss Daniels's Petition without a hearing pursuant to Pa.R.Crim.P. 907. Daniels filed a Response. The PCRA court dismissed Daniels's Petition as untimely filed on June 22, 2017.

Daniels filed a timely Notice of Appeal. The PCRA court entered an Order, directing Daniels to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and instructing him that failure to do so within 21 days of the date of the Order would result in waiver of any issues. Daniels responded to the Order by claiming that he "[did] not know anything about an appeal being filed in the Superior Court."

On September 6, 2017, the PCRA court issued its Opinion pursuant to Pa.R.A.P. 1925(a), noting that Daniels did not file a 1925(b) concise statement, and had "instead repudiate[d] any appeal which was clearly filed by him previously." PCRA Court Opinion, 9/6/17, at 4. Thus, the PCRA court found that Daniels had waived any claims.

We agree that Daniels has waived the issues he presents in his *pro se* brief by failing to file a Rule 1925(b) concise statement. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (stating that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." (citation and

brackets omitted)).[2]   Accordingly, we affirm the PCRA court's Order dismissing Daniels's Petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/18

_____

[2] Even if Daniels had preserved his claims in a concise statement, we would lack jurisdiction to consider the merits of his claims on appeal, as his Petition is patently untimely, and he failed to plead and prove any of the exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii) to circumvent the PCRA's timeliness requirement. **_See Commonwealth v. Albrecht_**, 994 A.2d 1091, 1095 (Pa. 2010).